### No. 10,118.

BERTRAND CAZES vs. SUCCESSION OF AUGUSTE GASSIE ET ALS.

Real estate which cannot be conveniently divided in kind must be sold to effect a partition thereof.

APPEAL from the Twenty-third District Court, Parish of West Baton Rouge. *Talbot*, J.

*Alex. Hébert* for Plaintiff and Appellee.

*Samuel Matthews* for Defendants and Appellants.

Cazes vs. Succession of Gassie et als

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is a suit in partition of certain property owned in common by the plaintiff with a widow in community and her minor children and another party, and of other property likewise owned in community, but with said widow and tutrix only.

The plaintiff claims that the property can be divided in kind, except the sugar-house, etc., which, it is admitted, necessarily must be sold.

On the other hand, the defense is that the remaining property cannot be divided in kind without loss and injury, and that it must likewise be sold to effect the partition.

The district judge thought with the plaintiff, and rendered judgment directing the partition to be made in kind, allotting part of the realty to the plaintiff and part to the widow and tutrix and ordering the sale of the sugar-house, etc.

The defendants appeal from the judgment thus rendered, and plaintiff answers asking an amendment—a money allowance.

We find no plan in the record showing the location of the buildings on the land sought to be partitioned, and are not convinced by the proof adduced that the partition can be made conveniently in kind.

The very witnesses who affirm that the property can be thus divided, declare that a line dividing the land equally would leave more buildings on one tract than on the other. They add, however, that the buildings can be rolled and any inequality can be compensated in money.

There exists considerable and almost irreconcilable discrepancy in the testimony touching the value of those buildings and the cost of removal; the appraisement rising to $2550, the average being $850.

The valuation put on the whole land in the inventory is $3000.

When the worth of the land and that of the buildings, the trouble and inconvenience to which the parties would be driven in order to dispose the buildings so as to make the two halves of the land as far as possible equally valuable and the sum which eventually may have to be disbursed to equalize the lots,—are considered, the conclusion is irresistible that plaintiff's theory, for a division in kind, is not practicable without injury. R. C. C. 1340; 34 Ann. 969; 39 Ann. 805; 5 Ann. 208.

It is apparent that the only safe way in which the differences of the parties can be fairly adjusted, with full justice to all concerned, among whom are minors, is to have the land and the sugar-house, etc., sold on such terms as may be fixed by those interested.

It is unnecessary to pass upon plaintiff's motion for an amendment

Gaither vs. Tax Collector et al.

of the judgment. He asks that a certain sum be allowed him, which is not embraced in the prayer of the petition and is not at issue. It cannot presently be considered, as it may hereafter form the object of a demand of payment out of the proceeds of sale by due proceedings and at the proper time.

The petition contains an averment that, in the sale by plaintiff of the undivided half of the land, which presently belongs to the widow and tutrix, he had reserved to himself and wife for their lives, the use of certain buildings and surroundings; but the petition does not ask judgment on that subject. It simply prays for a partition.

Besides, it appears that a material portion of the property has, more or less, been lost by excavation and otherwise and the right is waived in the brief.

It is, therefore, ordered and decreed that the judgment appealed from, as far as it directs the sale of the sugar-house, etc., be affirmed, and that in other respects it be reversed; and it is now ordered and decreed that the real estate described in the petition and which had been directed to be partitioned in kind be sold at public auction, after compliance with all legal requirements, by the Sheriff of West Baton Rouge Parish, or such other competent officer as the parties may designate, and on such terms as they may respectively fix, the proceeds to be distributed among them according to their rights and according to law, and that the costs in both courts be paid by the litigants in proportion to their relative shares.

Rehearing refused.